IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| STEVEN CARLOS REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-6302-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CURRY COUNTY SHERIFF DEPT. | ) | |
| EMPLOYEES MARK METCALF ALLEN | ) | |
| BOICE, SGT. ZORA MORRIS AND (DOE | ) | |
| 1 THRU 6), CURRY COUNTY | ) | |
| COMMISSIONERS RALPH BROWN, | ) | |
| LUCIE LA BONTÉ, MARLYN A. | ) | |
| SCHAFER, CHRIS KINNEY OF THE | ) | |
| GOLD BEACH POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Steven C. Reynolds
3920 E. Ashwood
Madras, Oregon  97741

Pro Se Plaintiff

Page 1 - OPINION AND ORDER

>Kenneth S. Montoya
>280 Liberty Street, SE, Suite 206
>Salem, Oregon  97301-3595
>
>>Attorney for Defendants

KING, Judge:

Plaintiff Steven Carlos Reynolds brings this civil rights action *pro se*.  He was incarcerated as a pretrial detainee at Curry County Jail during the events he alleges.  Plaintiff names as defendants former Curry County Sheriffs Mark Metcalf and Allen Boice, Curry County Sheriff Sergeant Zora Morris, three Curry County Commissioners, and six Doe Defendants.  Before the court is Defendants' Motion for Summary Judgment (#30), as well as Plaintiff's Motion to Reopen Opposition to Summary Judgment Based on Newly Discovered Evidence and Allow Discovery (#55).  I construe Plaintiff's Motion for Opposition to Summary Judgment (#39) as a response to defendants' motion.  For the reasons set forth below, I grant in part and deny in part defendants' motion and deny plaintiff's request to reopen summary judgment.

## BACKGROUND

Plaintiff was incarcerated at Curry County Jail from October 2005 through November 2005 as a pretrial detainee.  Former Sheriff Allen Boice submitted a declaration stating that all inmates receive an Inmate Manual upon booking.  The Inmate Manual explains the Jail's grievance procedures.  Plaintiff submitted an affidavit in which he states that he was never given an Inmate Manual and never provided a grievance form to complete.

Page 2 - OPINION AND ORDER

At some point, plaintiff complained about another inmate's assault on him.[1] Jail staff investigated and concluded that the incident involved mutual combat and placed both inmates in segregated housing for five days.

Plaintiff was placed in the "drunk tank." During that time, plaintiff alleges he had no running water or bathroom facility other than a drain pipe. Plaintiff asserts he wrote several letters to the Curry County Sheriff's Department during and after his detainment about the unsanitary conditions.

Plaintiff alleges he was assaulted again by the same inmate when Jail staff placed him back in the shared holding area. Plaintiff claims he filed a complaint with Detective Gardiner at the Curry County Sheriff's Department about the second incident. He also claims he filed a Complaint with the Curry County Circuit Court.

Former Sheriff Boice testified that the Curry County Jail has never been condemned by the Curry County Fire Department or any other fire agency. At the time of plaintiff's incarceration, the Jail had a fire escape plan in place. Plaintiff claims he wrote a letter to the jail commander in November 2005 complaining that the Jail had been condemned and did not have a proper fire escape plan.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material

---

[1] Plaintiff claims the first assault was in October 2005. Defendants discuss only one assault, on November 20, 2005.

Page 3 - OPINION AND ORDER

fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Robi v. Reed, 173 F.3d 736, 739 (9th Cir.), cert. denied, 528 U.S. 375 (1999).

## DISCUSSION

I.   Exhaustion of Administrative Remedies

Defendants argue that plaintiff failed to exhaust his administrative remedies, barring his claims pursuant to the Prison Litigation Reform Act ("PLRA"). Plaintiff responds that he was unaware of any required grievance procedures.

The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement requires "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006). The PLRA applies to pretrial detainees. 42 U.S.C. § 1997e(h) (defining "prisoner" to be "any person . . . detained in any facility who is accused of . . . violations of criminal law").

The PLRA's exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated

Page 4 - OPINION AND ORDER

motion to dismiss rather than a motion for summary judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

Defendants claim that plaintiff failed to complain either orally or through the established grievance procedure. Sheriff Boice testified that the Inmate Manual, provided to every inmate upon booking, informs inmates about disciplinary measures that may be taken and the right to a Hearing before a Hearings Officer. The decision of the Hearings Officer may be appealed in writing to the Jail Manager and the Sheriff reviews the decision of the Jail Manager. With regard to grievances, Sheriff Boice testified that the "Inmate Manual also provides information on the Grievance Procedure within the custodial facility, including the manner in which an inmate may file a Grievance as well as the process for appealing the findings of the Jail Command Officer regarding any Grievance." Boice Decl. ¶ 6.

The exhaustion requirements of the PLRA deter frivolous lawsuits, create an administrative record, and most importantly ensure that corrections staff know about problems so that they can take action. Wyatt v. Leonard, 193 F.3d 876, 878-79 (6th Cir. 1999). A prison must, however, give inmates information about how to file a proper grievance in order to make the grievance procedure "available" for purposes of the PLRA's exhaustion requirements. See Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005) (suggesting relevant evidence in showing availability of administrative remedies would be "information provided the prisoner").

Plaintiff denies in his affidavit that he received the Inmate Manual or grievance form, and denies that he was instructed about the grievance process. Defendants have not controverted plaintiff's evidence. As a result, defendants have not satisfied their burden of proof on the

Page 5 - OPINION AND ORDER

affirmative defense of failure to exhaust administrative remedies and dismissal is not appropriate on this argument at this time.

II.     Constitutional Violations

I previously dismissed plaintiff's claims entitled "Negligence False Police Report" and "Negligence Law Library." Plaintiff alleged these claims again in his Second Amended Complaint.[2]  Pursuant to my previous order, I dismiss with prejudice the First and Fifth Claims plaintiff alleges in his Second Amended Complaint.[3]  Similarly, I previously dismissed City of Gold Beach Police Officer Chris Kinney.

   A.     Claim Two–"Negligence Assault"

I previously construed plaintiff's claim entitled "Negligence Assault" as a claim for retaliation. See Rhodes v. Robinson, 408 F.3d 559, 567-68 & n.11 (9th Cir. 2005). As he did in his previous Complaints, plaintiff alleges in his Second Amended Complaint that defendants Metcalf, Boice, Morris, and Does 1-6 made "numerous threats" and "had plaintiff attacked and assaulted by violent inmates" "in retaliation for plaintiff exercising his first amendment rights in complaining about the Curry County Sheriff Departments [sic] staff's unnecessary wanton infliction of cruel and unusual punishment administered upon him." Second Amended Complaint at 6.

---

[2] Plaintiff also filed a Third Amended Complaint, but did so without permission of the Court. Accordingly, plaintiff's Second Amended Complaint is the operative Complaint.

[3] Both parties proceed as if I did not previously dismiss plaintiff's inadequate law library claim. Even if I were to examine the claim on the merits, I would dismiss it. Plaintiff does not present evidence showing that he suffered an actual injury as a result of the allegedly inadequate law library. See Rhodes v. Robinson, 408 F.3d 559, 567-68 & n.11 (9th Cir. 2005).

Page 6 - OPINION AND ORDER

In their Motion for Summary Judgment, defendants construe the claim as alleging a failure to keep plaintiff safe and do not evaluate the claim under the Rhodes criteria. I need not address the Rhodes criteria, however, because plaintiff does not dispute the defendant's characterization of the claim. He does not set forth any facts or argument in an attempt to explain this claim or make out a retaliation claim. Accordingly, I dismiss this claim, and evaluate plaintiff's "failure to keep safe" claim next.

      B.      Claim Three–Unsanitary Conditions and Failure to Keep Safe

I previously found that, to the extent plaintiff alleged unsanitary or unsafe conditions of confinement, he could name those defendants personally responsible for the unconstitutional conditions in the jail and assert a violation of the Due Process Clause.

Plaintiff alleges now, as he did in his initial complaint, that he was placed in solitary confinement for five days in unsanitary conditions; he alleges his cell had no toilet or running water but had a drain pipe instead. In addition, he alleges that after he had served his five days in solitary confinement, he was placed back in the shared cell area and was assaulted again. He alleges now, as he did then, that defendants Metcalf, Boice, Morris, and the three Curry County Commissioners inflicted the constitutional violation. He alleges "emotional injury, mental anguish, pain and suffering, loss of appetite, loss of weight and unwarranted stress." Claim 3, Second Amended Complaint at 7.

Plaintiff's rights derive from the Due Process Clause rather than the Eighth Amendment because he was a pretrial detainee at the time of the alleged violations. Bell v. Wolfish, 441 U.S.

Page 7 - OPINION AND ORDER

520, 535 (1979).[4]  "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment bar against cruel and unusual punishment." Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).

Accordingly, defendants may detain plaintiff so long as the "conditions and restrictions [of the detainment] do not amount to punishment[.]" Bell, 441 U.S. at 536.  A condition amounts to punishment if (1) it causes the detainee to suffer some harm or "disability," and (2) the purpose is to punish the detainee.  Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing Bell, 441 U.S. at 538).  A condition may be considered punishment if it is not related to a legitimate governmental objective or is excessive in relation to the legitimate governmental objective.  Pierce, 526 F.3d at 1205.  Legitimate nonpunitive governmental objectives include "maintaining security and order" and "operating the [detention facility] in a manageable fashion." Id.

With respect to the unsanitary conditions, plaintiff alleges that he was harmed by the conditions of his cell; he suffered emotional and mental pain and suffering, loss of appetite and stress.  Defendants offer no explanation for the lack of a toilet or running water in the cell, or whether it is related to a legitimate governmental objective.

Similarly, with respect to his unsafe conditions claim, plaintiff has alleged and defendants have admitted that the altercation between plaintiff and the other inmate was severe enough to

---

[4] Defendants examine this claim under the Eighth Amendment, but defendants do not appear to dispute that plaintiff was a pretrial detainee at the time of the alleged violations.  The Ninth Circuit has in the past used an Eighth Amendment analysis in evaluating the conditions of pretrial detainee confinement.  It appears the court has recently distinguished between the two standards.

Page 8 - OPINION AND ORDER

warrant separating the two of them for five days. Plaintiff alleges that he was then returned to the shared cell area where he was assaulted again by the same inmate. Defendants do not respond to this allegation and do not explain what kind of legitimate governmental objective was met by their action.

With regard to both claims, defendants present no facts as to the reasonableness of placing plaintiff in a cell with no toilet or running water and returning plaintiff to the shared cell. As a result, I cannot evaluate whether the individual officers are entitled to qualified immunity.

I do note, however, that the PLRA limits plaintiff's possible recovery under these claims. Under that law, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has failed to allege any physical injury deriving from his imprisonment in these conditions and has failed to provide any evidence of any physical injury. See Oliver v. Keller, 289 F.3d 623 (9th Cir. 2002). Defendants placed this argument front and center in their brief, and plaintiff responded by arguing about the language of the statute. He did not set forth any facts from which I could find that the assault by the fellow prisoner was something more than a verbal assault and he did not identify any physical injury from his incarceration in a cell without a toilet or running water. As a result, he is not entitled to monetary damages for his mental or emotional injuries.

Plaintiff's sole remaining demand for relief is a declaration that defendants violated his constitutional rights.[5] Even though he does not expressly request it, he is also entitled to nominal (e.g. $1) damages if he proves the constitutional violations. Oliver, 289 F.3d at 630.

---

[5] Plaintiff's demand for injunctive relief is unrelated to his sole surviving claims.

Page 9 - OPINION AND ORDER

C.  Claim Four–Negligence-Fire Safety/Hazard

Plaintiff alleges the Jail had no sprinkler system or fire escape plan, and that the facility had been condemned by the Curry County Fire Department. Former Sheriff Boice testifies, however, that the Jail has never been condemned and, at the time of plaintiff's incarceration, the Jail had a fire escape plan in place. Plaintiff produces no evidence to dispute Boice's statements. Accordingly, Plaintiff's Claim Four is dismissed with prejudice.

III.  Liability of Supervisors

Plaintiff directs his unsanitary and unsafe conditions claim–the only surviving claim– against former Sheriffs Metcalf and Boice, Sheriff Sergeant Morris, three Curry County Commissioners, and six Doe Defendants.

Defendant asserts that Metcalf, Boice and the three Commissioners cannot be liable under Section 1983 as plaintiff has not alleged that any of them were personally involved in violating plaintiff's constitutional rights.

A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

It is unclear at this point who was involved in the decision to place plaintiff in a cell without a toilet or running water for five days, and who was involved in the decision to return plaintiff to the shared cell. Sheriff Boice testified that he was responsible for supervising the "maintenance, safety and security" of the facility. Boice Decl. ¶ 2. Accordingly, I do not dismiss former Sheriffs Metcalf and Boice.

As for the commissioners, however, they can only be liable if the alleged constitutional violation is covered or sanctioned by an official policy or custom. Plaintiff does not allege or provide evidence of any official policy condoning the use of the "drunk tank" for the length of time he was detained there, or that any official policy existed condoning the return of a prisoner to a potentially assaultive situation. Accordingly, plaintiff's claims against the commissioners must be dismissed with prejudice.

IV.    Plaintiff's Motion to Reopen Opposition to Summary Judgment

Plaintiff contends he did not receive a copy of the scheduling order. He did, however, file a response to defendants' Motion for Summary Judgment. In addition, nothing he provided at this point could avoid the dismissal of his first, second, fourth and fifth claims for relief. Accordingly, this motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (#30) is granted in part and denied in part. Plaintiff's Claims One, Two, Four and Five are dismissed with prejudice. Plaintiff's only remaining claims are those in his Claim Three, which he maintains against former Sheriffs Metcalf and Boice and Sheriff Sergeant Morris. If he proves his claims, however, plaintiff is only entitled to nominal damages ($1) and declaratory relief. Plaintiff should inform the Court within twenty (20) days of receiving this Opinion and Order if he wishes to proceed with this case.

Plaintiff's Motion for Opposition to Summary Judgment (#39) is construed as a response to defendants' motion.

Plaintiff's Motion to Reopen Opposition to Summary Judgment Based on Newly Discovered Evidence and Allow Discovery (#55) is denied.

IT IS SO ORDERED.

Dated this _____4th_____ day of December, 2008.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge