IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| STEVEN CARLOS REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 06-6302-KI |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| CURRY COUNTY SHERIFF DEPT. ) | |
| EMPLOYEES MARK METCALF ALLEN ) | |
| BOICE, SGT. ZORA MORRIS AND (DOE ) | |
| 1 THRU 6) CURRY COUNTY ) | |
| COMMISSIONERS RALPH BROWN, ) | |
| LUCIE LA BONTE, MARLYN A. ) | |
| SCHAFER, CHRIS KENNEY OF THE ) | |
| GOLD BEACH POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Steven Carlos Reynolds
3920 E. Ashwood Rd.
Madras, Oregon 97741

Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Kenneth S. Montoya
280 Liberty Street, SE, Suite 206
Salem, Oregon  97301-3595

    Attorney for Defendants

KING, Judge:

Plaintiff Steven Carlos Reynolds brings this civil rights action *pro se*.  He was incarcerated as a pretrial detainee at Curry County Jail during the events he alleges.  Plaintiff initially named as defendants former Curry County Sheriffs Mark Metcalf and Allen Boice, Curry County Sheriff Sergeant Zora Morris, three Curry County Commissioners, and six Doe Defendants.  The court's previous opinions leave plaintiff with only Claim Three against former Sheriffs Metcalf and Boice and Sheriff Sergeant Morris for unsanitary and unsafe conditions.

Before the court is Defendants' Second Motion for Summary Judgment (#70), as well as Plaintiff's Motion for Order to Compel Discovery (#74).  For the reasons set forth below, I grant defendants' motion and dismiss the case.

## BACKGROUND

Plaintiff was incarcerated at Curry County Jail from October 2005 through November 2005 as a pretrial detainee.  Sergeant Zora Morris submitted a declaration stating that all inmates receive an Inmate Manual to read upon booking.  The Inmate Manual explains the Jail's grievance procedures.

Plaintiff submitted an affidavit in which he stated that he was never given an Inmate Manual and never provided a grievance form to complete.  As a result, I denied defendants' first Motion for Summary Judgment, finding at that time that I could not conclude defendants had

made the grievance procedure "available" to plaintiff for purposes of the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). See 42 U.S.C. § 1997e(a).

Furthermore, I denied defendants' first motion for summary judgment as to the merits of plaintiff's unsafe and unsanitary conditions claim. I held that defendants had failed to adequately refute plaintiff's allegations that defendants placed him in solitary confinement for five days in a cell that had no toilet or running water and that defendants expected plaintiff to use a drain pipe for a toilet instead. Finally, I held that defendants had failed to refute plaintiff's allegations that after he had served his five days in solitary confinement (for fighting with another inmate), he was placed back in a shared cell area where he was assaulted by the same inmate again.

Defendants have submitted additional evidence in support of their Second Motion for Summary Judgment on the issues remaining in the case. They provide a letter dated November 5, 2005 from plaintiff to the Jail Commander with the subject line: "Rule Book, Food, Heating System, Library." In the letter, plaintiff complained about the food and the heating system. He also wrote, "Your rule book is not being adhered to by you or jail staff." Ex. 1 to Decl. of Zora Morris ("Morris Decl.").

Plaintiff contends that his reference to "[y]our rule book" was "information given to him by other inmates that had been in jail before and obvious[ly] knew some rules that had to be adhered [to] by the jail staff." Pl.'s Mem. for Opp. to D.'s Second Summ. J. at 2. He also asserts:

> Plaintiff did not receive a copy of an inmate manual when he entered the Curry County Jail. A rule book is not an Inmate Manual and plaintiff believes that by saying this in his letter he was referring to in general the rules that a jail has to go by as stated to him by other inmates in the Curry County jail facility.

Page 3 - OPINION AND ORDER

Pl.'s Concise Statement of Material Facts ("CSMF") ¶ 6 at 2.

On November 20, 2005, plaintiff complained about being assaulted by an inmate. Jail staff investigated and concluded that the incident involved mutual combat and placed both inmates in segregated housing for five days. Plaintiff contends he was first assaulted by the same inmate in October 2005. In a letter dated November 20, 2005, he reports:

> I have been assaulted twice since residing in your jail by or because of the same individual. I asked that he be removed from here in the first incident and that was not done. The first time he started yelling in my ear as I was on the phone and Hawkins[1] stepped in. This time [he and I had a dispute about watching TV] and he proceeds to punch me in the side of the head.

Ex. 2 to Morris Decl. Plaintiff did not submit a grievance to the Jail Commander after the first incident.

The segregated housing in which defendants placed plaintiff was the "drunk tank." Plaintiff alleges the segregated housing had no running water or bathroom facility other than a drain pipe. Plaintiff did not submit a grievance to the Jail Commander regarding the conditions of the segregated housing.

Sergeant Morris testified that inmates are specifically told not to use the drain as a bathroom. Instead, jail staff check on inmates every hour and escort them to the bathroom if requested. Jail staff can also watch inmates via closed circuit video at all times.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material

---

[1] Plaintiff explains "Hawkins" is another prisoner.

fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Robi v. Reed, 173 F.3d 736, 739 (9th Cir.), cert. denied, 528 U.S. 375 (1999).

The PLRA's exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

## DISCUSSION

I.  Exhaustion of Administrative Remedies

Defendants argue again that plaintiff failed to exhaust his administrative remedies, barring his claims pursuant to the PLRA.[2] Plaintiff responds again that he was unaware of any required grievance procedures. I previously held that defendants had failed to meet their burden in showing plaintiff was aware of all "available" administrative remedies because defendants had

---

[2]Plaintiff asserts he was not an inmate at the time he filed this action. The PLRA's requirements do not apply to actions brought by former inmates raising constitutional challenges due to events that occurred during incarceration. See Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000). Plaintiff alleges in his Complaint, however, that he "is incarcerated at a Correctional facility located at: Multnomah County Jail Portland, Oregon." Complaint at 1. He gave his address as Inverness Jail. Complaint at 1. Accordingly, I reject plaintiff's argument.

Page 5 - OPINION AND ORDER

no evidence to controvert plaintiff's testimony that he had not received the Inmate Manual in which the grievance procedures were set forth. See 42 U.S.C. § 1997e(a); Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005) (suggesting relevant evidence in showing availability of administrative remedies would be "information provided the prisoner").

Defendants have now submitted evidence from plaintiff's own hand demonstrating he knew about the Inmate Manual. Plaintiff's letter to the Jail Commander, dated November 2005, carries the words "Rule Book" in the subject line. In the letter, plaintiff complains, "Your rule book is not being adhered to by you or jail staff." Ex. 1 to Morris Decl. Plaintiff contends his reference to the "rule book" in his letter meant the rules inmates told him about, not the Inmate Manual.

I may decide disputed issues of fact in resolving questions of exhaustion, and I decline to accept plaintiff's explanation. The subject line of the letter includes the words "Rule Book" and the way in which plaintiff uses the words in his letter makes it evident that the "rule book" is something more than just "the rules." Accordingly, defendants have met their burden of proof in showing the grievance procedures were "available" to plaintiff.

Sergeant Morris testified that the "Inmate Manual also provides information on the Grievance Procedure within the custodial facility, including the manner in which an inmate may file a Grievance as well as the process for appealing the findings of the Jail Command Officer regarding any Grievance." Morris Decl. ¶ 6.

Plaintiff admits that he did not follow the grievance procedures set forth in the Inmate Manual. Pl.'s CSMF ¶ 9. Furthermore, plaintiff produces no evidence that he grieved the conditions of the "drunk tank," or that he grieved any lack of investigation or action following

Page 6 - OPINION AND ORDER

the October incident.  Plaintiff suggests letters to his attorney complaining about the conditions of his cell and the assaults were reviewed by jail personnel before being mailed and that this constitutes compliance with the grievance procedure, but a letter to his attorney does not count as a grievance to the Jail Commander.  Plaintiff contends the letters he sent to the Jail Commander on November 5 and November 20, 2005 constitute grievances.  Even if these constituted grievances, plaintiff does not complain of the unsanitary conditions in these letters or of the jail staff's failure to take action or to investigate the October assault.

In sum, plaintiff knew about the grievance procedure but failed to avail himself of those remedies.  As a result, he has failed to exhaust his administrative remedies and his only remaining claim must be dismissed.

II.     Constitutional Violations

Even if I found that plaintiff did not know about the grievance procedures, I would still dismiss his remaining claim for failing to raise a material issue of fact showing he suffered any constitutional deprivation.

Plaintiff's rights derive from the Due Process Clause rather than the Eighth Amendment because he was a pretrial detainee at the time of the alleged violations.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment bar against cruel and unusual punishment."  Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).

Despite Pierce's statement that there is a significant difference between the Eighth Amendment and due process standards, in a more recent case, the Ninth Circuit reiterated that

Page 7 - OPINION AND ORDER

courts apply the same standards in reviewing prisoners' and pretrial detainees' rights. Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1216 (9th Cir. 2009).[3] An Eighth Amendment claim for denial of humane conditions must satisfy both an objective and subjective inquiry. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000). The objective element of the Eighth Amendment inquiry seeks to determine whether the deprivation was sufficiently serious. Wilson v. Seiter, 501 U.S. 294, 298 (1991). For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Helling v. McKinney, 509 U.S. 25, 35 (1993). The subjective element requires a showing that the defendant acted with a sufficiently culpable state of mind.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

    A.    Claim Three–Unsanitary Conditions

Plaintiff alleges the segregated unit in which he was held for five days had no toilet or running water.

Defendants now explain that plaintiff was not required to use the drain pipe as a bathroom. In fact, jail staff specifically instructed plaintiff not to use the drain pipe. Instead, jail staff told plaintiff to alert staff if he needed to use the restroom and he would be escorted to

---

[3]Byrd did not apply the standard set out in Pierce–that the court should consider whether the "conditions and restrictions [of the detainment] . . . amount to punishment" in violation of the Due Process Clause. See Pierce, 526 F.3d at 1205 (citing Bell, 441 U.S. at 536).

restroom facilities. Sergeant Morris testified that inmates are checked on every hour and are watched via closed circuit video at all times.

Plaintiff does not dispute these statements. He argues only "it would be extremely difficult to get [a staff member's] attention when needing to use the restroom or for any emergency." Pl.'s Mem. for Opp. to D.'s Second Summ. J. at 8. He does not contend it *actually was* extremely difficult to hale a staff member or that the lack of a toilet in his cell seriously harmed him. Plaintiff has failed to raise a material issue of fact demonstrating that any deprivation was sufficiently serious to constitute a violation of his due process rights.

B.    Failure to Keep Safe

Plaintiff alleges that after he had served his five days in solitary confinement, he was placed back in the shared cell area and was assaulted again.

Plaintiff's allegations are not supported by the facts. Plaintiff was "assaulted" when a prisoner yelled in his ear in October 2005. Another prisoner intervened to stop the dispute. Plaintiff and the same prisoner were involved in another altercation in November, and it was this incident that instigated the solitary confinement. Plaintiff presents no evidence or argument about any other altercations after serving his five days in solitary confinement and being returned to the shared cell. Plaintiff does not argue or produce evidence that he feared for his safety after the first incident, and there is no support for the contention that defendants needed to act after the October incident to protect plaintiff.

I find that plaintiff has failed to present evidence that he was held in conditions presenting a substantial risk of serious harm to plaintiff.

## CONCLUSION

For the foregoing reasons, defendant's Second Motion for Summary Judgment (#70) is granted. Plaintiff's remaining claims are dismissed with prejudice. As a result, plaintiff's Motion for Order to Compel Discovery (#74) is denied as moot. Although a failure to exhaust administrative remedies typically results in a dismissal without prejudice, since I have concluded plaintiff failed to present evidence of a constitutional deprivation, I will dismiss the case with prejudice.

IT IS SO ORDERED.

Dated this      8th      day of September, 2009.

                                         /s/ Garr M. King
                                         Garr M. King
                                         United States District Judge